# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ANGELO LENA,<br><br>Plaintiff,<br><br>v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA, et al.,<br><br>Defendants. | Case No. 1:16-cv-01036-LJO-SKO (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND OVERRULING OBJECTIONS TO THE OCTOBER 25, 2016 SCREENING ORDER**<br><br>**(Doc. 17)**<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

Plaintiff, Michael Angelo Lena, is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. On October 25, 2016, the Court issued a screening order regarding Plaintiff's civil rights complaint, ordering Plaintiff file either an amended complaint curing the deficiencies identified therein, or a notice that he would proceed on the two claims found cognizable. (Doc. 8, "the Screening Order.") Plaintiff was further notified that his failure to comply with this order would result in dismissal of the action. (*Id.*) Plaintiff did not file a response to the screening order.

On December 13, 2016, the Court issued an order to show cause ("OSC") directing Plaintiff to explain his failure to comply with the response deadline in the Screening Order. (Doc. 9.) Plaintiff filed his response on December 27, 2016, informing the Court that he never received the Screening Order. (Doc. 10.) A review of the Court's docket revealed no record that the Screening Order had been served on Plaintiff, such that the OSC was discharged and the deadline for Plaintiff to respond was reset. (Doc. 11.) However, rather than respond to the Screening Order, Plaintiff appealed it to the Ninth Circuit Court of Appeal. (Doc. 12.) The Ninth Circuit dismissed Plaintiff's appeal for lack of jurisdiction on March 20, 2017. (Doc. 15.) An order

1

issued on March 23, 2017, for Plaintiff to respond to the Screening Order by either filing a first amended complaint, or a notice that he was willing to proceed on the two claims that had been found cognizable. (Doc. 16.) Instead Plaintiff filed a motion for reconsideration and objections to the Screening Order. (Doc. 17.)

Rule 60(b) of the Federal Rules of Civil Procedure provides that "[o]n motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . , misrepresentation, or misconduct by an opposing party; . . . or (6) any other reason justifying relief from the operation of judgment." Motions under Rule 60(b) "must be made within a reasonable time -- and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."

Relief under Rule 60 "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted) (addressing reconsideration under Rules 60(b)(1)-(5)). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." *Id.* (internal quotation marks and citation omitted). Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown" previously, "what other grounds exist for the motion," and "why the facts or circumstances were not shown" at the time the substance of the order which is objected to was considered.

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in

original).

It is noteworthy that it was not until after the Ninth Circuit dismissed his appeal that Plaintiff filed the present motion. Though Plaintiff presents a multi-paged rant of perceived bias by corrections officials, judges, and the court system in general, he raises neither evidence nor law that has not previously been considered.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 303, this Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds the Screening Order to be supported by the record and proper analysis.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration, filed on April 6, 2017 (Doc. 17), is DENIED and any objections based thereon are OVERRULED;

2. The Clerk's Office shall send Plaintiff an amended complaint form and another copy of the October 25, 2016 screening order (Doc. 8);

3. Within **twenty-one (21) days** from the date of service of this order, Plaintiff SHALL either:

    a. File a first amended complaint curing the deficiencies identified by the Court in the October 25, 2016 screening order; or

    b. Notify the Court in writing that he is willing to proceed only on the two claims found cognizable in the October 25, 2016 screening order for (i) inhumane conditions of confinement, in violation of the Eighth Amendment, against Doe Defendant Correctional Officers ("COs"), and (ii) retaliation, in violation of the First Amendment, against Doe Defendant COs; and

    c. If Plaintiff files a notice that he is willing to proceed only on the cognizable claims, he must include all information available to him to identify the Doe Defendant COs for service of process (i.e. their physical descriptions, yards and times of their interaction with Plaintiff, and any documents containing

their identities); and

4. **If Plaintiff fails to comply with this order, this action will be dismissed for Plaintiff's failure to obey a court order.**

IT IS SO ORDERED.

Dated: **April 21, 2017**     /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE