# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ANGELO LENA, <br><br> Plaintiff, <br><br> v. <br><br> PEOPLE OF THE STATE OF CALIFORNIA, et al., <br><br> Defendants. | Case No. 1:16-cv-01036-LJO-SKO (PC) <br><br> **ORDER DISMISSING ACTION WITH PREJUDICE AND CLOSING CASE** |

Plaintiff, Michael Angelo Lena, is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. On October 25, 2016, the Court issued a screening order ("the Screening Order") regarding Plaintiff's civil rights complaint, ordering within thirty days, Plaintiff file either an amended complaint curing the deficiencies identified by the Court in its order or a notice that he would proceed on the two cognizable claims in his original complaint. (Doc. 8.) The Court further notified Plaintiff that his failure to comply with the Screening Order would result in dismissal of the action. (*Id.*) Despite this, Plaintiff did not comply with the Screening Order.

Thus, on December 13, 2016, the Court issued an order to show cause ("OSC") to Plaintiff directing him to explain his failure to comply with the Screening Order. (Doc. 9.) Plaintiff filed his response on December 27, 2016, informing the Court that he never received the Screening Order. (Doc. 10.) A review of the Court's docket revealed no record that it had been served on Plaintiff. Thus, the OSC was discharged, a copy of the Screening Order was served on

1

Plaintiff, and the deadline for his response was reset. (Doc. 11.) However, rather than respond to the Screening Order, Plaintiff appealed it to the Ninth Circuit Court of Appeal. (Doc. 12.) The Ninth Circuit dismissed Plaintiff's appeal for lack of jurisdiction on March 20, 2017. (Doc. 15.) On April 6, 2017, Plaintiff filed a motion for reconsideration and objections to the Screening Order. (Doc. 17.) Mandate from the Ninth Circuit issued on April 11, 2017. (Doc. 18.)

On April 21, 2017, an order issued denying Plaintiff's motion for reconsideration, overruling his objections, and requiring Plaintiff to respond to the Screening Order within twenty-one (21) days. (Doc. 19.) The April 21, 2017 order was served on Plaintiff that same day and warned that his failure to comply would result in dismissal for his failure to obey a court order. (Doc. 19.) That order explicitly stated: "**If Plaintiff fails to comply with this order, this action will be dismissed for Plaintiff's failure to obey a court** order." (*Id.*, p. 4 (emphasis in original).) More than a month has now lapsed and Plaintiff has still not filed a response to the Screening Order.

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide, "[f]ailure of counsel, or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions, including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Despite extended opportunity and multiple warnings, Plaintiff has still not filed a response to the Screening Order -- which issued over seven months ago. This is unacceptable and need not

2

be tolerated further.

Accordingly, **it is HEREBY ORDERED** that this case is **DISMISSED**, with prejudice, for Plaintiff's failure both to obey a court order and to prosecute; the Clerk of the Court is directed to close this action.

IT IS SO ORDERED.

Dated: **June 1, 2017**   **/s/ Lawrence J. O'Neill**
UNITED STATES CHIEF DISTRICT JUDGE